UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PENNY CARLYON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:16 CV 776 CDP |
| DAVID COUNTS, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Penny Carlyon claims she was injured when defendant David Counts' negligence caused him to rear-end Carlyon's car with his own. Carlyon originally filed this tort action in Missouri state court. Counts has removed the case to this court citing federal diversity jurisdiction under 28 U.S.C. § 1332. The matter is before me now on Carlyon's motion to remand, in which she claims there is no federal diversity jurisdiction because Counts has failed to prove the requisite amount in controversy. Based on the amount of Carlyon's settlement demand as well as her alleged injuries, I find that the amount in controversy exceeds $75,000, and I am therefore denying the motion to remand.

A defendant normally may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C.

§ 1441. A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

A defendant seeking removal has the burden of establishing diversity jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.2009). A defendant meets that burden by proving diversity of citizenship and amount in controversy by a "preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.2010); *Bell*, 557 F.3d at 956. The defendant's burden is the same whether the plaintiff's complaint seeks an amount of damages below the jurisdictional requirement or does not allege a specific dollar amount at all. *Bell*, 557 F.3d at 956. Once the defendant satisfies the burden, remand is only appropriate if the plaintiff can establish that the requirements for diversity jurisdiction have not been met to a "legal certainty." *Id*. Here, the complaint does not seek a specific amount of damages.[1] Therefore, when this case was removed, Counts had the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Id.*

In proving the amount in controversy,[2] Counts has referenced Carlyon's pre-suit settlement demand and, in response to the motion to remand, has produced a letter from Carlyon's counsel in which a formal demand for $100,000 was made.

---

[1] Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction.

[2] Diversity of citizenship has been established and is not disputed.

Counts has also pointed to the injuries Carlyon alleges she sustained to her head, neck and back.  Specifically, in her petition Carlyon claims she has suffered "disabling injuries" to her head, skull, neck, back and multiple other parts of her body.  She claims the injuries are "serious, permanent and progressive in nature."  In support of her opposing assertion that the jurisdictional amount in controversy is not met, Carlyon notes only that Counts made a settlement offer to her for an amount of $40,000.

The evidence a defendant presents to support removal may include settlement offers by the plaintiff that exceed the jurisdictional amount.  *Dozier v. USAA Casualty Ins.*, No. 4:15cv279-JAR, 2016 WL 629029, at *2 (E.D. Mo. Feb. 17, 2016).  Demand letters alone do not resolve the issue, but they are relevant evidence.  *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010).  Here, the amount of the settlement offer is supported by the allegations in Carlyon's complaint of severe, permanent injuries that will continue to plague her.  In light of all this, Counts has met his burden of establishing by a preponderance of evidence an amount in controversy that exceeds $75,000.  *See Prater v. Ball*, No. 12-CV-3493-S-DGK, 2013 WL 1755549, at *2 (W.D. Mo. Apr. 24, 2013) (relying on both a settlement offer and damages alleged in the complaint to support a conclusion that amount in controversy exceeded $75,000).

Because Carlyon has failed to submit evidence establishing to a legal certainty that the amount at issue is less than $75,000, I conclude jurisdictional requirements for removal have been met.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [9] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2016.